IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BMO HARRIS N.A.,

                      Plaintiff,

  v.                                        OPINION and ORDER

RIVERS TRANSPORTATION, INC.,                 17-cv-777-jdp
KENNETH SIKORA, and PATRICIA
SIKORA,

                      Defendants.

---

Plaintiff BMO Harris N.A. filed this suit to collect debt owed by defendants Rivers Transportation Inc., Kenneth Sikora, and Patricia Sikora. Dkt. 1. BMO Harris is the assignee of a loan that Rivers Transportation took out to purchase commercial trucks, and a party to a second agreement with Rivers Transportation to lease additional trucks. BMO Harris alleges that Rivers Transportation defaulted on its payments under both agreements, and that the Sikoras are personally liable because they guaranteed Rivers Transportation's performance in all obligations to BMO Harris.

BMO Harris brings breach of contract claims against all defendants. It also claims that under the terms of the contracts, the Sikoras are obligated to pay BMO Harris's attorney fees and expenses. It moves for summary judgment on all claims and asks the court to award damages of $205,748.13 plus attorney fees and expenses. Dkt. 7 and Dkt. 12-2. Defendants did not respond to the motion, so the court accepts all facts as represented by BMO Harris.

Because the facts show that BMO Harris is entitled to relief, the court will grant the motion and award damages. BMO Harris is also entitled to recover its attorney fees, but BMO

Harris will need to file a separate petition with documentation of its counsel's hourly rate and number of hours worked.

UNDISPUTED FACTS

The court draws the following facts from BMO Harris's summary judgment materials. Defendants did not respond to BMO Harris's proposed findings of fact, and as the court explained in its pretrial conference order, it will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it. Dkt. 5, at 4.

On October 18, 2013, Rivers Transportation entered into a loan and security agreement with GE Capital Commercial Inc. under which GE Capital loaned money for the purchase of three commercial trucks. Dkt. 11-4. Rivers Transportation agreed to make 66 monthly payments of $4,284.39, for a total of $282,769.74. In 2015, GE Capital transferred its interests in the agreement to BMO Harris. Dkt. 11-1.

On December 3, 2015, Rivers Transportation entered into a second agreement to lease two trucks from BMO Harris. Dkt. 11-2. This agreement was modified on November 30, 2016, and the parties set a new pay schedule for Rivers Transportation to pay the remaining balance. Under the modified agreement, Rivers Transportation agreed to make 60 monthly payments of $4,880.55, for a total of $292,833.

Both the 2013 agreement and the modified 2016 modified agreement stated that Rivers Transportation would be in default if it failed to make timely payment. Dkt. 9, ¶ 12. Upon default, BMO Harris had the right to declare all debt immediately due and payable. *Id.*, ¶ 13.

As part of the 2016 modification, the Sikoras agreed to personally guarantee Rivers Transportation's performance of all "present and future liabilities, obligations and

2

indebtedness." *Id.*, ¶ 14. If Rivers Transportation went into default, the Sikoras would be jointly and severally liable for all of Rivers Transportation's debt, along with any attorney fees and expenses incurred by BMO Harris as a result of the default. *Id.*, ¶ 15; Dkt. 11-5.

In 2017, Rivers Transportation defaulted under the terms of both agreements and BMO Harris accelerated the entire amount due. *Id.* ¶ 16; Dkt. 11-6; Dkt. 11-7. Defendants did not pay the accelerated balance, and BMO Harris repossessed and sold the trucks. After deducting the proceeds from the truck sales, BMO Harris calculates that defendants still owe $39,141.83 under the 2013 agreement and $166,606.30 under the 2016 modified agreement. Dkt. 11-8; Dkt. 12-1. The total debt includes the remaining principal balance of each agreement plus interest, repossession expenses, and outstanding late payment charges.

ANALYSIS

A. **Jurisdiction**

Even if the parties do not contest jurisdiction, the court must determine that it has jurisdiction before it can determine the merits of the case. *See Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("The first question in every case is whether the court has jurisdiction"). Here, BMO Harris invokes the court's diversity jurisdiction under 28 U.S.C. § 1332, which requires an amount in controversy that exceeds $75,000 and diversity of citizenship between the plaintiff and defendants. Dkt. 9, ¶¶ 2–7. BMO Harris's proposed findings of fact are sufficient to determine that Rivers Transportation and the Sikoras are citizens of Wisconsin, but they are not sufficient for the court to determine BMO Harris's citizenship.

The complaint and the proposed findings of fact both state that BMO Harris is "a corporation and national bank association with its principal place of business in Chicago." Dkt.

3

1, ¶ 1; Dkt. 9, ¶ 2. Although a state corporation is a citizen of its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1), a national bank association is a citizen of the state in which it is "located." 28 U.S.C. § 1348. A national bank is located in, and therefore a citizen of, the state in which its "main office" is located, as set forth in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). The location of a national bank's main office and the location of its principal place of business will almost always coincide, but they are not the same thing. *See id.* at 317 n.9.

In a previous case before this court, BMO Harris indicated that, according to its articles of association, its main office is in Chicago. *See General Electric Capital Corp. v. Malaszuk Specialized Logistics, LLC*, No. 15-cv-191, Dkt. 55-1 (W.D. Wis. Apr. 8, 2016). Another federal court also found that BMO Harris is a citizen of Illinois because its main office is in Chicago. *Sarvis v. BMO Harris Bank*, No. 14-c-9143, 2015 WL 2415244, at *1 n.1 (N.D. Ill. May 19, 2015) (finding that BMO Harris's main office and principal place of business are both in Chicago), *aff'd sub nom. Sarvis v. BMO Harris Bank N.A.*, 619 F. App'x 520 (7th Cir. 2015). Based on BMO Harris's prior representations, the court is satisfied that BMO Harris is a citizen of Illinois and that the court has diversity jurisdiction.

B. Merits

BMO Harris does not discuss which state's law should apply, but it cites Wisconsin law throughout its brief. The court will therefore apply Wisconsin law. *See FutureSource LLC v. Reuters Ltd.*, 312 F,3d 281, 283 ("[T]here's no discussion of choice of law issues, and so we apply the law of the forum state").

BMO Harris's first claim is against Rivers Transportation for breach of contract. Under Wisconsin law, a claim for breach of contract has three elements: (1) a contract between the

parties that creates obligations flowing from the defendant to the plaintiff; (2) failure of the defendant to do what it undertook to do; and (3) damages. *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 714 N.W.2d 582. Here, Rivers Transportation failed in its obligations to make monthly payments and to pay its remaining balance upon default. BMO Harris suffered damages in the form of economic loss. So Rivers Transportation breached its contracts with BMO Harris.

BMO Harris's second and third claims are against the Sikoras for breach of their obligations under the continuing guaranties. A guaranty of payment binds the guarantor to pay the debt of another party according to the terms and conditions of the guaranty. *Park Bank v. Westburg*, 2013 WI 57, ¶¶ 58–60, 348 Wis. 2d 409, 832 N.W.2d 539. The guaranty is a contract that is separate from the agreement of the principal debtor, and the guarantor's liability is based upon the terms of the guaranty. *Id.* ¶ 63 n.14. Here, the Sikoras agreed to pay the full debt of Rivers Transportation for all agreements it had with BMO Harris if Rivers Transportation went into default. As consideration, BMO Harris modified the terms of Rivers Transportation's lease agreement in exchange for the guaranties. *See Electric Storage Battery Co. v. Black*, 27 Wis. 2d 366, 134 N.W.2d 481, 483 (1965) (agreement to sell goods to third party, on condition of guaranty, is adequate consideration to hold guarantor liable). When Rivers Transportation defaulted, the Sikoras were obligated to pay its debts and they breached their obligations to do so.

Finally, BMO Harris claims attorney fees and expenses pursuant to the guaranties signed by the Sikoras. Under Wisconsin law, parties may agree to an obligation to pay attorney fees only if the contract provision "clearly and unambiguously so provides." *Hunzinger Const. Co. v. Granite Res. Corp.*, 196 Wis. 2d 327, 340, 538 N.W.2d 804, 809 (Ct. App. 1995). Here,

the continuing guaranty clearly states that the guarantor agrees to pay "all attorneys' fees and expenses which may be suffered by Bank by reason of the Company's default." Dkt. 11–5, at 2. So BMO Harris is entitled to recover attorney fees and expenses incurred in this action. BMO Harris should file a separate petition for attorney fees and support its motion with documentation of its counsel's hourly rate and number of hours worked, as explained in the court's pretrial conference order. Dkt. 5, at 45.

ORDER

IT IS ORDERED that:

1. Plaintiff BMO Harris Bank N.A.'s motion for summary judgment, Dkt. 7, is GRANTED.

2. The clerk of court is directed to enter judgment in favor of plaintiff BMO Harris Bank N.A. and against defendants Rivers Transportation Inc., Kenneth Sikora, and Patricia Sikora in the amount of $205,748.13.

3. Plaintiff must file its petition for attorney fees, along with supporting documentation, by October 26, 2018.

Entered October 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge